GARRISON, Judge.
The defendant, Billy St. Clair, was charged by bill of information with distribution of methamphetamine, a violation of LSA-R.S. JO^GTiBXS).[1] After a jury found the defendant guilty as charged, the judge imposed the maximum term of imprisonment of ten years at hard labor. Defendant appeals.
On October 5, 1985 at approximately 10 p.m., Officer Armando Otero, an undercover police officer working in the French Quarter in New Orleans, was approached by the defendant and asked if he wanted to purchase drugs. When Otero responded affirmatively, the defendant left for a brief time and then returned. Otero followed the defendant to the Royal Sonesta Hotel where defendant handed him a clear plastic bag which contained a white powder. Ote-ro then requested that they go outside so that he could pay the defendant. Upon exiting the hotel, Otero signalled to two nearby undercover surveillance officers who came over and placed the defendant under arrest. A subsequent search of the defendant revealed rolling papers, syringes and a spoon. The white powder given to Otero by the defendant was later identified by the New Orleans Police Department Crime Laboratory as methamphetamine, a controlled dangerous substance.
In his only assignment of error, the defendant argues that the trial judge erred in imposing an excessive sentence. Specifically, the defendant claims that the maximum sentence cannot be upheld because the trial judge failed to consider the guidelines of LSA-C.Cr.P. art. 894.1 in particularizing the sentence to the offense and to the offender.
A review of the record indicates that the trial judge adequately complied with article 894.1 in articulating specific reasons for the imposition of defendant’s maximum sentence. Furthermore, the record reveals that during cross-examination, the defendant admitted to having prior convictions for mail fraud, escape, burglary, unauthorized use of a movable, attempted possession of stolen property and possession of marijuana. The defendant also admitted that he took drugs and that he was in possession of methamphetamine at the time of his arrest. He claims that he did not attempt to sell this drug to anyone but the overwhelming evidence proves otherwise.
At the defendant’s sentencing hearing, the trial judge stated as follows:
“The defendant is 29 years old, single, with no listed occupation. He apparently has spent the past 12 years of his life in and out of various jails. He has a record since 1974 of some 61 arrests for offenses ranging from disturbing the peace to simple burglary and possession and distribution of drugs.
In 1977, he was convicted of possession of an hallucinogen and attempted crime against nature, possession of marijuana, and accessory after the fact of receiving stolen things.
In 1980, he was convicted of possessing stolen mail. In 1982, his probation for this conviction was violated and he was sentenced to serve three years in a *9 federal correction institution from which he promptly escaped.
Upon his recapture, he was sentenced to an additional year.
It is apparent from the foregoing that this defendant is incorrigible. If the public is to be protected from any further depredations on his part, this Court must see to it that he is incarcerated in an appropriate penal institution for the longest possible period.
It is, therefore, the sentence of this Court that the defendant, Billy St. Clair, serve 10 years at hard labor in the custody of the department of corrections. Remand him.”
Defendant alleges in his pro se brief that he is not the same Billy St. Clair with sixty-one arrests and an attempted crime against nature conviction. Because of no evidence to the contrary in the record, this allegation is accepted. However, considering the seriousness of the instant offense and the six prior convictions to which defendant admitted on cross-examination, we find that the maximum sentence of ten years is justified in this case.
Thus, for the reasons stated above, we find that the defendant’s sentence is not illegally excessive. Therefore, the conviction and sentence of the defendant are affirmed.
AFFIRMED.

. Methamphetamine, commonly known as speed, is classified in the Criminal Code as a Schedule II controlled dangerous substance. The distribution of methamphetamine is punishable by a term of imprisonment at hard labor of not more than ten years and, additionally, the offender may be fined not more than fifteen thousand dollars.